**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Zemender T. Williams (#2012-1005203), )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>Tom Dart, et al., )<br>    Defendants. ) | Case No. 18 C 506<br><br>Judge John J. Tharp, Jr. |

## ORDER

Plaintiff's amended complaint [10] is dismissed for failing to state a claim on which this Court can grant relief. *See* 28 U.S.C. § 1915A. The dismissal of this case counts as one of Plaintiff three allotted dismissals under 28 U.S.C. § 1915(g). All pending motions are denied. Enter Judgment. Civil case terminated. If Plaintiff seeks to appeal this dismissal, he must file in this Court a notice of appeal within 30 days of the date this order is entered on the Court's docket.

## STATEMENT

Plaintiff Zemender T. Williams, a pretrial detainee at the Cook County Jail who is proceeding *pro se*, has submitted an amended complaint in accordance with the Court's prior orders. Elaborating on his initial and insufficient allegation that an officer "put her hands on" him, he now alleges the following. On December 19 and 20, 2017, Cook County Jail Officer Wilds was conducting a count of inmates. (Dkt. 7, pg. 4.) When she arrived at Williams' cell, he was asleep due to medication he had been prescribed. Wilds banged on the cell door for Williams to get up. When he didn't, Wilds entered the cell and "put[] her hands on Williams," pushing and pulling him and "pushing [him] against the wall." (*Id.*) Williams names Wilds and Sheriff Tom Dart as Defendants.

As explained in its March 12, 2018 order, 28 U.S.C. § 1915A requires the Court to screen a prisoner's complaint to determine if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). To satisfy notice-pleading requirements, a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests" and "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). When reviewing the sufficiency of a complaint on initial review, Courts "accept the well-pleaded facts in the complaint as true," *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013), "draw all reasonable inferences from those facts in favor of the plaintiff," *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015), and construe complaints filed by pro se litigants liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Though courts liberally construe *pro se* pleadings, if a plaintiff pleads facts demonstrating he has no valid federal claim, dismissal of the complaint is proper. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Marshall v. Knight*, 445 F.3d 965,

968 (7th Cir. 2006).

As also explained in the Court's prior order, Williams has brought a civil rights action under 42 U.S.C. § 1983, which is based on a constitutional violation. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). A jail officer violates a pretrial detainee's constitutional rights when the officer's use of force is objectively unreasonable. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015); *Forrest v. Prine*, 620 F.3d 739, 744 (7th Cir. 2010). Force is unreasonable when it is not "rationally related to a legitimate nonpunitive governmental purpose," such as maintaining order, or is "excessive in relation to that purpose." *Kingsley*, 135 S. Ct. at 2473 (citation omitted). Whether an officer's use of force was excessive is determined by considering the facts and circumstances surrounding the use of force "from the perspective of a reasonable officer." In other words, the Court must consider whether a reasonable officer—with all the information known to Defendant at the time of the incident—would have behaved similarly. *Id.*

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (citing *Johnson v. Glick*, 481 F.2d, 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10 (cited case omitted); *see also Outlaw v. Newkirk*, 259 F.3d 833, 839 (7th Cir. 2001).

This Court acknowledges that *Hudson* involved an Eighth Amendment claim by a convicted prisoner and not a pretrial detainee's Fourteenth Amendment claim, which looks only to the objective reasonableness of the force. *Kingsley*, 135 S. Ct. at 2472-73. Nevertheless, *Hudson*'s meaning—that not every unjustified or malevolent touch by an officer rises to the level of a constitutional violation—still applies under the Fourteenth Amendment. *See Mitchell v. Richter*, No. 15-CV-1520-JPS, 2017 WL 752162, at *9 (E.D. Wis. Feb. 27, 2017) (acknowledging that *Hudson* addressed an Eighth Amendment excessive force claim but that "the Supreme Court's teaching in *Hudson* . . . apt[ly]" applied to a pretrial detainee's claim that an officer unjustifiably shoved him into a cell); *see also Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009) (the use of *de minimus* force on a pretrial detainee, so long as it is not repugnant to the conscience, is not a constitutional violation).

Now that Williams has better explained the facts supporting this suit, it is clear that he does not have a constitutional claim of excessive force. He acknowledges he remained in his bunk and was unresponsive to Officer Wilds' command while she conducted an inmate count. Though Williams was sleeping (due to medication), Wilds could "put her hands" on him to wake him and stand him up in order to compel his participation in the prisoner count. The allegation that Wilds' shoved him against a wall, even taken as true, does not give rise to a plausible inference that unconstitutionally excessive force was employed, particularly in light of Williams' unresponsiveness to verbal commands. The force Williams alleges was not gratuitous, or prolonged, but rather purposeful (stand up and be counted) and limited to the accomplishment of

its purpose. As such, it was proportional, not "excessive" or "unreasonable," and does not rise to the level of constitutional significance. *See Carr v. Beth*, 465 Fed. Appx. 567, 571 (7th Cir. 2012) (unpublished) (pretrial detainee's allegation that a jail officer "pulled [an inmate]'s hand through the meal slot" when he refused to relinquish a pen and turn around in his cell was not an unconstitutional use of force); *Mitchell v. Richter*, No. 15-CV-1520-JPS, 2017 WL 752162, at *9 (E.D. Wis. Feb. 27, 2017) (pushing a pretrial detainee, who was resisting going into a cell, was not an unconstitutional use of force even though the inmate stumbled forward); *see also Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012) ("Custodians must be able to handle, sometimes manhandle, their charges.").

Nor is there any reason to believe that Williams can offer an account that further supplements his allegations concerning Wilds' use of force. In dismissing Williams' first attempt to plead his claim, Williams was on notice that his account was inadequate, and that dismissal should have prompted Williams to describe Wilds' use of force as completely as he was able. To his credit, he does not appear to have improperly embellished the account, but his candor betrays the inadequacy of the claim. This case is therefore dismissed for failing to state a claim. *See* 28 U.S.C. § 1915A. The dismissal of this case counts as one of Williams' three allotted dismissals under 28 U.S.C. § 1915(g). If Williams accumulates three dismissals under § 1915(g), he will not be able to file a case or an appeal in federal court without prepayment of the filing fee unless he is in imminent danger of serious physical harm. *See* § 1915(g).

Final judgment will be entered. If Williams seeks to appeal this decision, he must file a notice of appeal in this Court within 30 days after the date this order is entered on the docket. See Fed. R. App. P. 4(a)(1). If he appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998); *see also* 28 U.S.C. § 1915(b)(1). If Williams seeks to proceed *in forma pauperis* on appeal (to pay the fee with monthly deductions from his trust account), he must file another IFP application in this Court. His motion must include his intended grounds for appeal. *See* Fed. R. App. P. 24(a)(1). If the appeal is found to be non-meritorious, Williams could receive another "strike" under 28 U.S.C. § 1915(g).

Date: 5/10/2018         /s/    John J. Tharp, Jr.
                        John J. Tharp, Jr.
                        United States District Judge

[3]